IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| ISAIAH JENNINGS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CIV-18-1126-R |
| JAMES YATES, et al. | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his constitutional rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary proceedings. On January 9, 2019, Judge Erwin issued a Report and Recommendation wherein he recommended the case be dismissed upon filing without prejudice. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Plaintiff's allegations, which are difficult to construe, all trace back to a single contention. Mr. Jennings does not dispute that on July 17, 2018, S/O Nason found a cell phone while conducting a search of the cell housing Plaintiff and Lamonn Blanner. Plaintiff contends throughout the Complaint that his disciplinary conviction, which resulted in the loss of good time credits, a period in segregation, and a transfer to high max for two years,

was unconstitutional, because inmate Blanner admitted the cell phone was his and provided an affidavit stating the same. Plaintiff requests money damages, restoration of the good time credits lost as a result of the discipline, and restoration of his level-4 inmate status, which would permit him to transfer to another facility.

The undersigned construes the Complaint in part as challenging Plaintiff's placement in high max after he completed thirty days in disciplinary segregation. See Doc. No. 1, p. 2 ("The Petition he was placed in high max after his 30 days DU time was up. The sanction say only 30 days DU. The Petition he was punish twice for the same offense. The Petition Fifth Amendment was violated."). Plaintiff makes the following additional claims, the construction of which will be addressed below.

> Count I:
>
> These two defendants they deliberate indifference and intentional to play a significant role to violated my due process, Fourteenth Amendment and my Fifth Amendment.

Doc. No. 1, p. 2. As supporting facts Plaintiff alleges:

> There is a witness statement a sworn affidavit written by inmate "Lamonn Blanner He admitted the cellfhone belong to him.

*Id.* at p. 4. Count II alleges:

> A inmate name "Lamonn Blanner wrote a sworn statement said the cellfphone was his.

*Id.* As supporting facts for Count II Plaintiff alleges:

> The charger on the Class-X should be dismissed. The offense report Class-X 20 do not support the evidence the cellfhone is not mine.

*Id.* Count III alleges:

> In the offense report on 7/17/18, Sgt. Nason conducted the cell of Isaiah Jenning but Sgt. Nason failed to write the offense report up on the evidence.

*Id.* Count III's supporting facts are as follows:

> Capt. Nunes he did not found the cellfhone in Fox Bravo 206 House in the cell of Jennings also this is constitution violated of Wolff v. McDonnell, Denied of due process to the Eight Amendment prohibition of cruel and unusual punishment.

*Id.* Plaintiff reiterates at the conclusion of the Complaint that he should not have been put in high max for two years over a cellphone given that his cellmate accepted responsibility for the phone. A Sworn Affidavit executed on September 19, 2018, can be construed as expanding Plaintiff's allegations in some measure:

> On the day of July 18, 2018 I was called to the office for a seg review by both the Assistant Warden- Perez, Gentry, and Chief Brown. I was told by Chief Brown and the Assistant Warden Gentry that I was going to the Max for a cell phone and they will make sure I will get there and to save myself and give them something and they will let me out to the yard. So I told them both that the phone was not mine and that inmate Blanner told Disciplinary Coordinator Keys that it was his phone and that I did not know anything about the phone. So the Assistant Warden- Gentry told me I guess you are going to the Max then. I ask him for what he said for a cell phone. So on 7/25/2018 I go see the Disciplinary Officer- Robinson and I told him that Inmate Blanner told Officer – Keys that it was his cell phone and that I have a affidavit from inmate Blanner saying it his phone. So Disciplinary Officer – Robinson told me that inmate Blanner did tell him that it was his phone but that higher ups told him to finden me guilty and that he was going to sanction me to 30 days seg and that was the sanction imposed by Mr. Robinson not max. So after my 30 days was up on 09/14/18 I was told I was transferring to a nether yard. So I go to intake they tell me I am going to the max. So I am getting discipline two time and my sanction was not max.

Doc. No. 1-1at 1.

Judge Erwin recommended that Counts I and II be dismissed against both Warden Yates and Chief of Security Brown because Plaintiff failed to allege sufficient personal

3

participation. He recommended that Count III, which he construed as a claim alleging that Defendant Nason lied about finding a cell phone in Jennings' cell, could not proceed until such time as the disciplinary conviction was vacated. In his objection, Plaintiff takes issue with the absence of a special report, often ordered by the Court in response to a civil rights action. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). In this case, Judge Erwin recommends dismissal of the case pursuant to 28 U.S.C. § 1915, upon screening of the Complaint. Therefore, a response from the Defendants was not necessary. As to the merits of his claims, Plaintiff objects to dismissal of Defendants in part because these two Defendants "are well train[ed] supervisor police officers, in their public officials acting under the command or the specific authorization of the state of the Government employer in their office." (Doc. No. 12, p. 2).

The Court construes Plaintiff's claims more broadly than Judge Erwin, but concurs with the dismissal of this action without prejudice. First, to the extent Mr. Jennings complains that moving him to high max following his 30 days in the DU violates his rights under the Fifth Amendment to be free from double jeopardy, his contentions lack merit. "[T]he Double Jeopardy clause only applies to proceedings that are essentially criminal in nature, it is well established that prison disciplinary sanctions ... do not implicate double jeopardy protections." *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (citation and internal quotation marks omitted). Additionally,

> [T]he due process clause does not "itself create a liberty interest in prisoners to be free from intrastate prison transfers. [*Sandin v. Conner*, 115 S. Ct. 2293,] 2297 [(1995)] (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). The transfer to a maximum security facility is "within the normal limits or

4

range of custody which the conviction has authorized the State to impose."
*Meachum*, 427 U.S. at 225.

*Janke v. Price*, 124 F.3d 216 (table), *reported in full at* No. 96-1493, 1997 WL 537962, *2 (10th Cir. Sept. 2, 1997). Accordingly, to the extent Plaintiff is complaining about his post-segregation transfer to high max, he fails to state a claim, because a transfer within Davis Correctional Facility is within the normal range of custody options.

With regard to Plaintiff's claims seeking restoration of good time credits and damages for the allegedly improper discipline, the Court finds that to the extent Plaintiff seeks to recoup good time credits lost as a result of the conviction, he must do so in an action for habeas corpus pursuant to 28 U.S.C. § 2241.[1] *Fistell v.* Neet, 125 F. App'x 219, 225, 2005 WL 408055 (10th Cir. Feb. 22, 2005). Additionally, the Court finds that with the exception of any double jeopardy claim that can be gleaned from Plaintiff's Complaint that his claims challenging his disciplinary conviction are premature pursuant to *Heck v Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 117 S. Ct. 1584 (1997), and not yet cognizable pursuant to § 1983, Plaintiff may seek relief only upon a showing that his disciplinary conviction has been declared invalid. *See* Heck, 512 U.S. at 483. The Court's conclusion in this regard is premised in part on Plaintiff's allegation, set forth in the sworn affidavit, that the disciplinary officer informed Mr. Jennings that a finding of guilty was ordered by higher up authorities at the facility, and the allegations tying Defendant Brown to this claim.[2] His internal DOC complaints, appended to his Complaint, focus on an

---

[1] Such action should be pursued in the Eastern District of Oklahoma, the District where Plaintiff is confined and where the relevant disciplinary conviction occurred.

[2] The undersigned agrees with Judge Erwin that Plaintiff's allegations against Defendant Yates, the Warden, fail to allege sufficient personal participation. A supervisor may be held liable under § 1983, however, he may not be held

alleged inability to call witnesses on his own behalf. The Court finds this case sufficiently similar to *Janke*:

> Unlike the *Edwards* claimant, the record here indicates that Mr. Janke was allowed some opportunity to present a defense; he called one witness and he engaged in cross-examination of the prosecution's witnesses. Arguably, Mr. Janke's procedural due process claims, if established, would not necessarily entitle him "to have his conviction set aside no matter how strong the evidence against him," as was the case in *Edwards*. See [*Edwards v. Balisok,*] 117 S. Ct. [1584]at 1588. Because Mr. Janke emphasizes his innocence, however, and seeks restoration of his good times credits, we are not at liberty to parse his claims to find one that is immediately cognizable under § 1983.
>
> Moreover, as both this court and the district court have recognized, Mr. Janke's claims focus on the outcome of the disciplinary proceedings. *See Janke v. Price*, 43 F.3d at 1391 ("Mr. Janke alleges that in the disciplinary proceeding that followed, the defendants violated his due process rights, thereby making his subsequent conviction and punishment invalid."); Rec. doc. 51, at 3 (Dist. Ct. Order of Dismissal)(Mr. Janke's claims "would have tended to show that [he] did not place the dangerous drugs in the cell;" but the court found and "concluded that the excluded testimony would not have affected the outcome of the hearing."). In other words, according to Mr. Janke, the alleged procedural due process violations led prison officials to reach the wrong result at the disciplinary hearing and to improperly revoke his good time credits.

124 F.3d 216, 1997 WL 537962 at *4.

Finally, the Court notes that this dismissal is without prejudice. Because he has not sought leave to amend in these proceedings, should Mr. Jennings wish to proceed anew, he should do so in the Eastern District of Oklahoma because venue is improper in this Court.

---

liable under a theory of respondeat superior. *See Perry v. Durborow*, 892 F.3d 1116, 1121 (10th Cir. 2018). Rather, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (quotations omitted). Defendant Yates is subject to liability in this action only for his "own culpable involvement in the violation of [Plaintiff's] constitutional rights." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). " '[I]t is not enough for ... [P]laintiff merely to show ... [D]efendant was in charge of other state actors who actually committed the violation.'" *Id*. (internal quotation marks omitted).

*See* 28 U.S.C. § 1391(b). Plaintiff's claims are against two employees of Davis Correctional Facility, both presumably reside in Hughes County, Oklahoma, the location of that facility. Pursuant to 28 U.S.C. § 116(b), Hughes County is within the jurisdiction of the Eastern District of Oklahoma.

Simultaneous with the filing of his objection to the Report and Recommendation Plaintiff filed a Motion for Injunctive Relief and Monetary Damages. (Doc. No. 13). Therein Plaintiff makes a number of requests, seeking damages of $200,000, transfer to another facility, a settlement conference before the Court, and a jury trial. Because the Court has dismissed this case, the motion is DENIED AS MOOT. Plaintiff also filed a Petition Motion to Disqualify Magistrate Judge Shon T. Erwin from this Lawsuit under 28 U.S.C. § 144. (Doc. No. 14). Plaintiff's motion is denied as moot in light of the dismissal of this action. However, even if the case was not dismissed, Plaintiff has not established a basis for requesting that Magistrate Judge Erwin be removed from this case. Merely stating that Judge Erwin has a personal bias or prejudice against Plaintiff does not make it so. Plaintiff's Motion to Disqualify is DENIED. Plaintiff's Motion to Dismiss (Doc. No. 9) is DENIED AS MOOT and his Motion to Disregard his Motion to Dismissed his Case (Doc. No. 10) is GRANTED as recommended in the Report and Recommendation.

IT IS SO ORDERED this 1st day of February 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE